IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH J. ANTHONY, JR. #R61036,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN BALDWIN,<br>J. CLENDENIN,<br>ROB JEFFREYS,<br>JACQUELINE LASHBROOK,<br>KYLE A. EDWARDS, and<br>MRS. NORTON-CHITTY,<br><br>  Defendants. | Case No. 20-cv-00051-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Keith Anthony, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that because he files grievances and complaints he has been subjected to ongoing retaliation by staff at Menard. He seeks monetary damages and declaratory and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests

---

[1] The Court has jurisdiction to resolve Anthony's motion and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

## THE COMPLAINT

Anthony alleges the following: On July 27, 2018, he was falsely accused of exposing his penis to J. Clendenin, a correctional counselor. (Doc. 1, p. 9). At the Adjustment Committee hearing, Anthony requested for his cellmate to be called as a witness, but the Adjustment Committee refused the request. Anthony also asked the Adjustment Committee to review his grievance history because he had written past grievances regarding Clendenin's refusal to provide counseling services. (*Id.* at p. 9-10). This request was also denied. Anthony was sanctioned with sixty days of segregation, loss of commissary privileges, and demotion to C and B grade status. (*Id.* at p. 10).

While in segregation, Anthony was subjected to retaliation by Menard staff. On August 14, 2018, he was given a completely frozen kosher diet tray that was served with a note that stated, "freeze your lips nigger." (*Id.*).

From September 2, 2018, until September 12, 2018, Nurse Norton-Chitty dispensed Anthony's medication by crushing the medicine and putting it in greyish water, even though Nurse Norton-Chitty had been instructed to refrain from placing Anthony on "crush and float" status. (*Id.* at p. 10-11). Each day, the shift sergeant would handcuff Anthony, and Nurse Norton-Chitty force fed Anthony the unknown medication, until he

was finally taken off of crush and float status by the psychiatrist. (*Id.* at p. 11). After he received the medicine, Anthony would have sharp pains in his stomach, chest, and lower back, and suffered from dizziness, blood in his stool, and impaired vision and hearing. (*Id.*). He continues to suffer from these symptoms.

On September 6, 2018, Anthony received a threatening letter from an unknown officer warning him that if he continued to file grievances he would be killed. (*Id.* at p. 11-12).

On November 13, 2018, while housed in general population, Anthony notified Correctional Officer Edwards that his legal correspondence box had a small crack and requested a new one. On November 26, 2018, because Anthony had filed a PREA complaint against him, Correctional Officer Edwards conducted a shakedown of Anthony's cell, confiscated his legal correspondence box, and issued Anthony a disciplinary ticket for dangerous contraband and damage or misuse of property. (*Id.* at p. 12-13). The Adjustment Committee again refused to allow Anthony to call a witness at the hearing, and he was placed back in segregation. (*Id.* at p. 13).

During his times in segregation, Anthony was double celled in cells that are not "A.C.A." approved, causing him health issues and anxiety. When he wrote grievances regarding the conditions, Anthony was further harassed and written disciplinary tickets.

## PRELIMINARY DISMISSALS

In the summary of claims section of the Complaint, in what Anthony titles Claim #2, he asserts that he was served by an unknown correctional officer a frozen meal with an inflammatory note causing him to be the victim of deliberate indifference, intentional infliction of emotional distress, and staff retaliation. Then, in Claim #4, another unknown

correctional officer issued him a threatening note in retaliation resulting in emotional distress and cruel and unusual punishment. Finally, in Claim #6, Anthony states he was the victim of deliberate indifference and cruel and unusual punishment when he was doubled cell in North 2 segregation cells. All of these claims will be dismissed because he has not asserted them against a properly named defendant. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** First Amendment claim of retaliation against Clendenin for falsely accusing Anthony of sexual misconduct in retaliation for filing grievances against her.

**Count 2:** Fourteenth Amendment due process claim against Clendenin for issuing Anthony a false disciplinary ticket resulting in a disciplinary hearing and the imposition of sanctions.

**Count 3:** State law claim of intentional infliction of emotional distress against Clendenin for falsely accusing Anthony of sexual misconduct resulting in the imposition of sanctions.

**Count 4:** Eighth Amendment claim of cruel and unusual punishment against Nurse Norton-Chitty for force feeding Anthony unknown medication from September 2, 2018, until September 12, 2018, causing him to become ill.

**Count 5:** Fourteenth Amendment due process claim against Nurse Norton-Chitty for force feeding Anthony unknown medication without consent or procedural review from September 2, 2018, until September 12, 2018.

**Count 6:** State law claim of intentional infliction of emotional distress against Nurse Norton-Chitty for force feeding Anthony

unknown medication causing him to become ill.

**Count 7:** First Amendment claim of retaliation against Nurse Norton-Chitty for force feeding Anthony unknown medication.

**Count 8:** First Amendment claim of retaliation against Kyle Edwards for writing Anthony a false disciplinary ticket in retaliation for Anthony filing a PREA complaint against him.

**Count 9:** Fourteenth Amendment due process claim against Kyle Edwards for issuing Anthony a false disciplinary ticket resulting in a disciplinary hearing and the imposition of sanctions.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]**

### SEVERANCE

As an initial matter, the Court has determined that Anthony's claims are improperly joined in a single action. *See George*, 507 F.3d at 607. The claims fall into two distinct groups: (1) Counts 1 through 7 arising from the false allegations of sexual misconduct made on July 27, 2018 by Defendant Clendenin and resulting in disciplinary segregation where Anthony was forced to take unknown medicine by Defendant Nurse Norton-Chitty; and (2) Counts 8 and 9 arising from the shake down of Anthony's cell and issuance of a disciplinary ticket on November 26, 2018, by Defendant Edwards. These two groups of claims involve different defendants and separate transactions or occurrences. Therefore, the Court will exercise its discretion and sever Counts 8 and 9

---

[2] *See Twombly*, 550 U.S. at 570.

into a separate suit. *See* FED. R. CIV. P. 18, 20, and 21. *See also Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Counts 1 through 7 will remain in this action, and the merits of these claims will be reviewed in this Order.

### Count 1

Anthony has set forth sufficient allegations to proceed on a retaliation claim against Clendenin, who he claims falsely accused him of sexual misconduct because he had written grievances against her regarding her inadequate counseling services. *See Black v. Lane*, 22 F. 3d 1395, 1402 (7th Cir. 1994); *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Accordingly, Count 1 survives preliminary review.

### Count 2

When an inmate brings an action under Section 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted in accordance with procedural due process requirements? An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, whether the procedures employed by the Adjustment Committee during Anthony's disciplinary proceedings violated due process need not be considered at this

juncture because he has failed to plead that a protected interest was at stake. Anthony alleges that for sixty days he was double celled in a small cell, demoted to C and B grade status, and lost commissary privileges. None of these disciplinary measures violated Anthony's constitutional rights. First, there is no protected liberty interest implicated in the demotion of status or the temporary loss of certain privileges. *See Thomas v. Ramos,* 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (collecting cases); *Woody v. Zatecky,* 594 F. App'x 311, 312 (7th Cir. 2015). Second, a confinement of sixty days in segregation is not a sufficient length of time to trigger due process concerns. *Obriecht v. Raemisch*, 565 F. App'x 535, 539-40 (7th Cir. 2014) (ruling that seventy-eight days in "deplorable conditions" did not implicate a liberty interest, but that plaintiff might have challenged the conditions of confinement while in segregation) (citing *Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697-98 (7th Cir. 2009)). Without a protected liberty or property interest at stake, Anthony does not present a valid constitutional claim.

Finally, because Anthony's deprivation did not amount to a protectable liberty interest, he also does not have a substantive due process claim against Clendenin for issuing Anthony the disciplinary ticket in retaliation against him for filing grievances against her. *See Leslie v. Doyle,* 125 F. 3d 1132, 1137 (7th Cir. 1997) ("even if [Plaintiff] could maintain a claim of straight substantive due process, his deprivation did not impinge upon a liberty interest under *Sandin.*"); *Lagerstrom v. Kingston,* 463 F.3d 621, 625 (7th Cir. 2006). Therefore, Count 2 is dismissed without prejudice.

**Count 3[3]**

Liberally construing the facts, allegations that Anthony was falsely accused and subjected to disciplinary sanctions causing elevated anxiety and emotional distress support a claim of intentional infliction of emotional distress. *See Somberger v. City of Knoxville,* 434 F.3d 1006, 1030 (7th Cir. 2006). *See also Fox v. Hayes,* 600 F. 3d 819, 842 (7th Cir. 2010) ("an important factor in this analysis is whether a defendant abused a position of authority."). Count 3 will proceed against Clendenin.

**Count 4**

Anthony alleges that while in segregation Nurse Norton-Chitty, without proper authorization, placed him on "crush and float status" and force fed him unknown medication that made him ill. As a result, he still continues to suffer from pains, dizziness, blood in his stool, and impaired vision and hearing. He has to take medicine to treat these additional medical issues caused by the unknown medication. These allegations are sufficient to establish a claim of cruel and unusual punishment in violation of the Eighth Amendment, and Count 4 will proceed against Nurse Norton-Chitty. *See Dye v. Bartow,* 381 F. App'x 604, 606 (7th Cir. 2010) (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

**Count 5**

At this stage, Anthony has sufficiently alleged that he was forced medication without his consent and the necessary review and procedures required by the Due Process Clause, and so, Count 5 survives screening. *See Knight v. Grossman,* 942 F.3d 336,

---

[3] Anthony's state law claims in Counts 3 and 6 concern the same facts as his Section 1983 claims. Therefore, supplemental jurisdiction is appropriate. 28 U.S.C. § 1367(a). *See Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008); *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008).

342 (7th Cir. 2019) ("prisoners retain a liberty interest in refusing forced medical treatment while incarcerated.") (citing *Washington v. Harper,* 494 U.S. 210, 221-22 (1990). *See also Sullivan v. Flannigan,* 8 F. 3d 591 (7th Cir. 1993).

### Count 6

Count 6 is based on the same underlying facts as Counts 4 and 5 — that Nurse Norton-Chitty forced Anthony to take unknown medicine under an unauthorized "crush and float" order, which caused him to become ill. He claims that Nurse Norton-Chitty acted out of retaliation, not because it was medically necessary, and her conduct has caused him to suffer paranoia, increase fear of safety, emotional distress, and elevated anxiety. The Court finds that Nurse Norton-Chitty's alleged conduct rises to the level of extreme and outrageous, as is required under Illinois law for the tort of intentional infliction of emotional distress, and Count 6 shall proceed. *See Sornberger,* 434 F.3d at 1030.

### Count 7

Anthony states that because Nurse Norton-Chitty forced him to take unknown medicine he is the victim of retaliation. To proceed on a retaliation claim, a plaintiff must first allege he was engaged in an activity protected by the First Amendment. *Gomez,* 680 F. 3d at 866. While elsewhere in the Complaint Anthony discusses retaliatory conduct by staff at Menard because he wrote grievances and complaints against them, he makes no such allegations regarding Nurse Norton-Chitty. Because Anthony does not allege that Nurse Norton-Chitty's actions were motived by any First Amendment activity, Count 7 will be dismissed.

### OFFICIAL CAPACITY CLAIMS

Anthony is seeking injunctive relief and monetary damages. He brings claims

against Defendants Baldwin and Jeffreys in their official capacities and against Lashbrook, Clendenin, and Norton-Chitty in their official and individual capacities. To the extent that Anthony is seeking monetary damages, he cannot pursue official capacity claims against any of the individual defendants. *See Brown v. Budz*, 398 F.3d 9044, 918 (7th Cir. 2005) (Eleventh Amendment bars official capacity claims for monetary damages). Furthermore, for the purposes of injunctive relief, the current acting warden of Menard, Anthony Wills, is the appropriate official capacity defendant. *See generally Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011).

Accordingly, the official capacity claims against Defendants Baldwin, Jeffreys, Lashbrook, Clendenin, and Norton-Chitty are dismissed. Because there are no other claims against them, Defendants Baldwin and Jeffreys will be dismissed from this action. Anthony claims he is bringing claims against Lashbrook also in her individual capacity, but does not assert any allegations against her in the statement of claim, so she too is dismissed from this case. *See* FED. R. CIV. P. 8; *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Finally, the Clerk of Court will be directed to add Anthony Wills as a defendant, in his official capacity only, for the purpose of carrying out any injunctive relief that is ordered in this case.

## MOTION FOR RECRUITMENT OF COUNSEL

Anthony has filed a Motion for Recruitment of Counsel (Doc. 3), which is denied.[4] In the motion, he states that, in an attempt to recruit counsel on his own, he has written multiple firms requesting representation. He states that he did not receive replies from some of the attorneys he contacted, but includes a copy of a declination letter from one

---

[4] In evaluating Anthony's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

firm. This is not sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own, and so, Anthony has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Anthony choose to move for recruitment of counsel at a later date, the Court directs him to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

*Severance*

**IT IS HEREBY ORDERED** that **COUNTS 8** and **9** against **Kyle A. Edwards** are **SEVERED** into a new case. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) Complaint (Doc. 1);
(2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
(3) Motion for Recruitment of Counsel (Doc. 3);
(4) This Memorandum and Order.

**IT IS FURTHER ORDERED** that the <u>**only claims remaining in this action are COUNTS 1-7 against John Baldwin, J. Clendenin, Rob Jeffreys, Jacqueline Lashbrook, and Mrs. Norton-Chitty.**</u> The Clerk of the Court is **DIRECTED** to terminate **Kyle A. Edwards** as a defendant in this action.

*Merits Review*

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNTS 1** and **3** shall proceed against **Clendenin, COUNT 4, 5,** and **6** shall proceed against **Norton-Chitty**. **COUNTS 2** and **7 are DISMISSED without prejudice.** For the reasons provided, **Baldwin, Jeffreys,** and

**Lashbrook** are **DISMISSED** from this action. The Clerk of Court is **DIRECTED** to **TERMINATE** them from the docket and to **ADD Warden Anthony Wills** as a defendant, in his official capacity only, for the purpose of implementing injunctive relief.

The Clerk of Court shall prepare for **Clendenin, Norton-Chitty,** and **Wills** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Anthony. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Anthony, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Anthony, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. §

1915(f)(2)(A).

Finally, Anthony is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 25, 2020**

/s/ Mark A. Beatty
**MARK A. BEATTY,**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.