## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEITH A. ANTHONY, JR.,**
**#R61036,**

                **Plaintiff,**

**v.**

         **Case No. 20-cv-00051-MAB-NJR**

**J. CLENDENIN,** *et al.,*

                **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:[1]**

       Plaintiff Keith Anthony has filed a Motion for Preliminary Injunction asking the Court to order an immediate transfer from Menard Correctional Center ("Menard") to Pontiac Correctional Center. (Doc. 19). Anthony claims that because he has filed grievances and used the civil court system, he continues to suffer retaliation by staff at Menard. He cites instances of retaliation spanning from November 2018 until May 2020, which include the denial of counseling services, discarding of grievances, mishandling of his mail, disciplinary sanctions, issuance of false disciplinary reports, denial of adequate medical care, inhumane conditions of confinement, harassment, confiscation of legal documents, excessive force, and interference of access to the courts.

       In order to obtain relief through a preliminary injunction, Anthony must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v.*

---

[1] This case has been assigned to United States Magistrate Judge Beatty; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, Anthony's Motion for Preliminary Injunction was referred to the undersigned. (Docs. 22, 23). After entry of this order, the undersigned will be removed from the case.

*Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Currently, Anthony is proceeding on claims against Counselor Clendenin and Nurse Norton-Chitty for constitutional violations that occurred when Anthony was falsely accused of exposing his penis by Clendenin and then force fed unknown medication by Norton-Chitty for two weeks in segregation. The request for injunctive relief relating to retaliatory acts currently being performed by various Menard staff pertain to individuals who are not parties in this action and the recent incidents described are outside of the allegations in the Complaint, which took place in 2018. A motion for preliminary injunction is not a proper avenue to pursue additional claims and add defendants. If Anthony wishes to pursue emergency injunctive relief for these unrelated claims, he should file a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claims.

Accordingly, the Motion for Preliminary Injunction (Doc. 19) is **DENIED** without prejudice. The Court **DIRECTS** the Clerk of Court to remove the undersigned from the case.

**IT IS SO ORDERED.**

**DATED:   July 9, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**